RECEIVED
IN LAKE CHARLES, LA

AUG 3 1 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JERROD A. WILSON | CIVIL ACTION NO. 06-0563-LC |
| VS. | SECTION "P" |
| BURL CAIN, WARDEN | JUDGE TRIMBLE |

## ORDER

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254)[1] filed on March 27, 2006, by *pro se* petitioner, Jerrod A. Wilson. Petitioner is an inmate in the custody of the Louisiana Department of Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. He challenges his 1997 simple burglary conviction in Louisiana's Thirty-First Judicial District Court.

Petitioner filed a previous petition for federal *habeas corpus* relief in this court on April 24, 2003. [See *Jerrod A. Wilson v. Warden, L.S.P.*, No. 2:03-cv-00739, United States District Court, Western District of Louisiana, hereinafter "*Wilson I*."] That petition was a collateral attack on the 1997 burglary conviction. On July 14, 2003, Magistrate Judge Wilson authored a Report recommending dismissal of the petition as barred by the timeliness provisions of 28 U.S.C. § 2244(d). [*Wilson I* at doc. 20] On August 27, 2003, the undersigned accepted the

---

[1] Petitioner's original pleadings were entitled "Petition for Delayed or Successive Motions" and "Application to Vacate Set Aside or Correct the Sentence." [doc. 1-1] On May 2, 2006 he filed an "Application for Amended and Supplemental Pleadings" wherein he advised that his original pleadings were inadvertently filed pursuant to 28 U.S.C. §2255. He asked the court to construe the pleadings as petitions for *habeas corpus* filed pursuant to 28 U.S.C. §2241. Nevertheless, petitioner is in custody pursuant to the judgment of a State court and therefore his *habeas corpus* arises under 28 U.S.C. §2254. See *Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 2339, 135 L.Ed.2d 827 (1996) ("Our authority to grant *habeas* relief to state prisoners is limited by §2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'")

recommendation and ordered dismissal. [*Wilson I* at doc. 33] Petitioner's subsequent appeal to the United States Fifth Circuit Court of Appeals was dismissed for want of prosecution. [*Wilson I* at doc. 39]

Thereafter, on August 13, 2004, petitioner filed a second petition for writ of *habeas corpus* in this court. That petition also attacked the 1997 burglary conviction in the Thirty-First Judicial District Court. See *Jerrod A. Wilson v. Burl Cain, Warden*, No. 2:04-cv-1709 (United States District Court, Western District of Louisiana), hereinafter "*Wilson II.*"] On February 22, 2005 Magistrate Judge Wilson authored a Report finding the petition to be second and successive and recommending its transfer to the United States Fifth Circuit Court of Appeals. *Wilson II* at doc. 21. On April 5, 2005, Judge Minaldi signed a judgment adopting the recommendation. In due course the second and successive *habeas corpus* petition was transferred to the Fifth Circuit Court of Appeals. [*Wilson II* at doc. 25] On July 25, 2005 the Fifth Circuit denied petitioner authorization to file a successive §2254 *habeas* petition. [See *In Re: Jerrod A. Wilson*, No. 05-30355 (5th Cir. 7/22/2005), *Wilson II* at doc. 28]

The petition currently before the court is Wilson's third attempt to collaterally attack his 1997 Louisiana conviction in the United States Court. It is, of course, a successive petition as defined by 28 U.S.C. §2244 and the jurisprudence. "It is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

As petitioner must now be aware, before this or any successive *habeas corpus* petition

may be considered by this court, petitioner is required to obtain authorization from the United States Fifth Circuit Court of Appeals. This procedure is mandated by 28 U.S.C. § 2244(b)(3) which provides in part, "[b]efore a second or successive application permitted by this section [§2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not received such authorization. Until such time as petitioner obtains authorization, the district court is without jurisdiction to proceed.

Accordingly,

**IT IS ORDERED** that petitioner's second and successive Application for Writ of *Habeas Corpus* be **DISMISSED.**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 31st day of August, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE